IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE HERREN,

      Plaintiff,                           No. CIV S-06-2695 GEB EFB PS

      vs.

ST. PAUL TRAVELERS INSURANCE COMPANY, et al.,

      Defendants.                <u>ORDER</u>

        Plaintiff, proceeding in this action pro se, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an incomplete affidavit in support of his application to proceed *in forma pauperis*. He did not fully answer question No. 2b (he failed to state "the amount of your take-home salary or wages and pay period and the name and address of your last employer"). Plaintiff's incomplete application fails fully to inform the court whether plaintiff is unable to prepay fees and costs or give security for them, and therefore fails to meet the requirements of 28 U.S.C. § 1915(a).

        Accordingly, plaintiff's application is denied without prejudice. Within thirty days of service of this order, plaintiff may file a complete application for this court's further

1

consideration.

The determination whether plaintiff may proceed *in forma pauperis* does not complete the present inquiry. Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Pro se pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Franklin*, 745 F.2d at 1230.

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it does not comply with Fed. R. Civ. P. 8.[1] Rule 8 sets forth general rules of pleading for the federal courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing

---

[1] The complaint also fails to comply with Fed. R. Civ. P. 10, which governs the form of pleadings.

2

entitlement to relief; and (3) a demand for relief.  The complaint does not meet the first two of these requirements.

The complaint contains no allegation establishing the basis of the court's jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  It is the plaintiff's burden to establish the court's subject matter jurisdiction.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  Although it appears that plaintiff seeks to file an action for sexual harassment, discrimination and retaliation against his former employer, his mere reference to "Title VII of the Civil Rights of 1964" is insufficient to establish the court's jurisdiction over this action.

Furthermore, plaintiff fails to set forth a short and plain statement showing he is entitled to relief.  As a threshold matter, presuming plaintiff does indeed seek to bring suit under Title VII against his former employer, he has failed to allege exhaustion of his administrative remedies – a "necessary precondition to a Title VII action."  *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).  "To bring a Title VII claim in federal court, plaintiff must have exhausted his administrative remedies, including regulatory and judicially-imposed exhaustion requirements."  *Peterson v. Cal. Dep't of Corr. & Rehab.*, 451 F. Supp. 2d 1092, 1100 (E.D. Cal. 2006) (citing *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995)).  Here, plaintiff makes no such allegation regarding exhaustion.

In addition to these deficiencies, the allegations in the complaint fail to put defendants fairly on notice of the claims against them.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Plaintiff makes vague allegations regarding sexual harassment and discriminatory conduct that the "defendant corporation" allegedly allowed to occur.  Although plaintiff names ten individual defendants in the caption of the complaint, the body of the complaint contains no allegations against any of them specifically.

Even had plaintiff completed this court's form application to proceed *in forma pauperis*, the court would not permit the action to proceed upon the lodged complaint. Therefore, plaintiff will be permitted to file an amended complaint in order to cure the deficiencies articulated in this order.

Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is denied;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file both a complete application to proceed *in forma pauperis* and an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint; and,

4. Failure to file either a complete *in forma pauperis* application or an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: June 4, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4